UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>BITCOIN NORGE AS,<br><br>                  Plaintiff,<br><br>         -v.-<br><br>ALPHAPOINT CORPORATION and<br>GALAXY DIGITAL HOLDINGS LIMITED,<br><br>               Defendants. | 23 Civ. 4741 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

As detailed in the Court's December 8, 2025 Order, ECF No. 13, the Relator brought this action pursuant to the False Claims Act, 31 U.S.C. § 3729-32, on June 6, 2023. ECF No. 10 (Compl.). The United States Government declined to intervene. ECF No. 8. On June 4, 2025, the Court directed that, "in the event that the [R]elator [did] not move[] to dismiss the action" by August 5, 2025, the Relator was "authorized" to effect service upon the Defendants by that date. *Id.* ¶ 1. The Relator neither moved to dismiss nor served the Defendants. On November 6, 2025, the Court directed the Relator to file a letter informing the Court of the status of the matter by November 11, 2025. ECF No. 11. The Relator did not respond. On November 20, 2025, the Court again ordered the Relator to "file an update letter forthwith." ECF No. 12. The Relator failed to do so.

On December 8, 2025, the Court directed the Relator to show cause by December 18, 2025 why this action should not be dismissed for failure to prosecute. ECF No. 13. The Order cautioned that, if the Relator did not comply, "the Court w[ould] dismiss the Complaint for failure to prosecute, pursuant to Federal Rule of civil Procedure 41(b)." *Id.* The Relator failed to show cause and has not otherwise communicated with the Court at any time.

## **LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

## **DISCUSSION**

Here, the aforementioned factors favor dismissal. First, "the duration of [the Relator's] non-compliance"—approximately six months—"is significant." *Angeles v. Amigofoods Corp.*, No. 20 Civ. 8967 (RA), 2021 WL 633922, at *2 (S.D.N.Y. Feb. 17, 2021) (dismissing case where "Plaintiff ha[d] not communicated with the Court in approximately three and a half months"). Although the Relator was on notice as of June 4, 2025 that the Court expected it to move to dismiss or serve the Defendants by August 5, 2025, ECF No. 8, the Relator did neither. The Relator then "repeatedly ignored [other] orders" (three, to be exact) "setting deadlines and requiring status letters," resulting in no docket activity for more than six months. *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing with prejudice for failure to prosecute where plaintiff's compliance with the court's order was "almost two months overdue").

2

Second, the Relator was "on notice that failure to comply," *Baptiste*, 768 F.3d at 216, could result in "dismiss[al] for failure to prosecute," ECF No. 13.  Indeed, the Court's December 8, 2025 Order to Show Cause expressly warned of that possibility.  *Id*.; *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (affirming dismissal where plaintiff had been "notified that 'further delay w[ould] result in dismissal'").

As for the "likely . . . prejudice[]" to Defendants, *Baptiste*, 768 F.3d at 216, given that Defendants have not even been served, "a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until [the Relator] changed its mind or the court lost patience." *Carter v. Correct Care Sols., CCS*, No. 15 Civ. 4705 (NSR) (LMS), 2019 WL 4279959, at *3 (S.D.N.Y. Aug. 2, 2019) (internal quotations and citation omitted), *report and recommendation adopted sub nom. Carter v. Correct Care Sols.*, No. 15 Civ. 4705 (NSR) (LMS), 2019 WL 4274193 (S.D.N.Y. Sept. 10, 2019).  "Accordingly, [the Court] may infer the likelihood of some prejudice." *Id.*

Fourth, in terms of "balancing . . . the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard," *Baptiste*, 768 F.3d at 216, "this case has been pending for over two years," *Estevez v. Consol. Bus Transit, Inc.*, No. 15 Civ. 7634 (RA), 2018 WL 1737135, at *2 (S.D.N.Y. Jan. 25, 2018); *see* Fed. R. Civ. P. 1 (reflecting the Court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding.").  And through four separate Orders, the Court has given the Relator "ample opportunity" to be heard.  *Johnson v. Giles*, No. 23 Civ. 2444 (MKV), 2025 WL 3482780, at *4 (S.D.N.Y. Dec. 4, 2025) (dismissing with prejudice where "the Court repeatedly offered Plaintiff opportunities to avoid dismissal for failure to prosecute by simply filing a letter sometime over the course of the past seven months").

3

Finally, regarding the possibility of imposing "a sanction less drastic than dismissal," *Baptiste*, 768 F.3d at 216, "[t]he Court has considered various alternatives and it is clear that dismissal without prejudice is a reasonable, lesser sanction, rather than dismissal with prejudice." *Ortega v. Mutt*, No. 14 Civ. 09703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017). As previously noted, Defendants have not yet been served. Thus, "any prejudice to Defendants has been minor [to nonexistent]" at this stage. *Chapman-Green v. City of New York*, No. 24 Civ. 1449 (RA), 2024 WL 5186533, at *2 (S.D.N.Y. Dec. 20, 2024) (noting minimal prejudice where defendants had moved to dismiss prior to dismissal for failure to prosecute); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay in filing his response caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself."). "Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial." *Angeles*, 2021 WL 633922 at *2. Thus, while the Court must "avoid prejudice to defendant[s] by retaining open lawsuits with no activity," *Ortega*, 2017 WL 1133429, at *2, the Court finds dismissal without prejudice to be the "more appropriate[] sanction" for the Relator's "failure to communicate with the Court or to comply with the Court's Orders." *Angeles*, 2021 WL 633922 at *2 (dismissing without prejudice where burden to the Defendant and Court had been "minor").

4

## **CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal

Rule of Civil Procedure 41(b).  The Clerk of Court is directed to close the case.


SO ORDERED.

Dated:    January 13, 2026
            New York, New York

_____
JENNIFER H. REARDEN
United States District Judge